Dennis L. Kennedy (Nevada Bar No. 1462)
Sarah E. Harmon (Nevada Bar No. 8106)
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
E-mail: dkennedy@baileykennedy.com
sharmon@baileykennedy.com

Deborah L. Stein (*pro hac vice*)
K. Lucy Atwood (*pro hac vice*)
Peter R. Jordan (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502
E-mail: dstein@stblaw.com
katwood@stblaw.com
pjordan@stblaw.com

Attorneys for Third-Party Defendant/Counterclaimant
NATIONAL FIRE & MARINE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARP PLUMBING, INC., a Nevada corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:09-cv-00783-GMN-GWF<br><br>**NATIONAL FIRE & MARINE INSURANCE COMPANY'S UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>**AND ORDER** |

| | | |
|---|---|---|
| 1 | SHARP PLUMBING, INC., a Nevada corporation, | ) ) |
| 2 | Counter-Claimant, | ) ) ) |
| 3 | v. | ) ) |
| 4 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; DOES 1 through 100, inclusive, | ) ) ) ) ) ) |
| 5 | | |
| 6 | | |
| 7 | Counter-Defendants, | ) ) ) |
| 8 | SHARP PLUMBING, INC., a Nevada corporation, | ) ) |
| 9 | Third-Party Plaintiff, | ) ) ) |
| 10 | | |
| 11 | v. | ) ) |
| 12 | NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation; DOES 1 through 100, inclusive, | ) ) ) ) |
| 13 | | |
| 14 | Third-Party Defendants. | ) ) ) |
| 15 | NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation, | ) ) |
| 16 | Counter-Claimant, | ) ) ) |
| 17 | | |
| 18 | v. | ) ) |
| 19 | SHARP PLUMBING, INC., a Nevada corporation, | ) ) |
| 20 | Counter-Defendant. | ) ) ) |
| 21 | | ) |

**UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL**

National Fire & Marine Insurance Company ("National Fire"), by and through its undersigned counsel, respectfully moves pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Docket Numbers 101 and 102, for leave to remove the following documents from public view on Pacer and re-file the following documents under seal. This unopposed[1] motion is made on the grounds that the documents are protected by the attorney-client privilege and/or the attorney work product doctrine or constitute protected communications involving settlement negotiations:[2]

1. Exhibit 7 to the Declaration of Rick Ratz: a letter from Martin Shives to Craig Marquiz and Henry Sharp dated September 22, 2009, produced by National Fire in this litigation and bearing Bates numbers NF 004557–59 (Dkt. No. 198-7);

2. Exhibit 8 to the Declaration of Rick Ratz: a letter from class counsel to Martin Shives, dated October 29, 2009, produced by National Fire in this litigation and bearing Bates numbers NF 013734–35 (Dkt. No. 198-8);

3. Exhibit 9 to the Declaration of Rick Ratz: an email from Martin Shives to Craig Marquiz, dated November 9, 2009, produced by National Fire in this litigation and bearing Bates numbers NF 013487–89 (Dkt. No. 198-9);

4. Exhibit 10 to the Declaration of Rick Ratz: an email from Charlie Luh to Nathan Higgs dated November 9, 2009, produced by National Fire in this litigation and bearing Bates number NF 013482 (Dkt. No. 198-10);

---

[1] Counsel for Sharp Plumbing, Inc. has informed National Fire's counsel that it does not oppose this request to file certain exhibits under seal.

[2] These documents were inadvertently filed on the Court's CM/ECF system on February 4, 2013.

5.  Exhibit 11 to the Declaration of Rick Ratz: an email from Bill Coulthard dated January 28, 2010, produced by National Fire in this litigation and bearing Bates numbers NF 006957–59 (Dkt. No. 198-11);

6.  Exhibit B to the Declaration of Peter Jordan: an excerpt from the transcript of the August 29, 2012 deposition of Martin Shives (Dkt. No. 197-2). (Collectively, the "Exhibits.")

This motion is based upon the accompanying memorandum of points and authorities and the papers and pleadings on file in this case including the parties' Stipulated Protective Order (Dkt. No. 101) and the Court's Protective Order Governing the Confidentiality of Documents (Dkt. No. 102).

**MEMORANDUM OF POINTS & AUTHORITIES**

On August 24, 2011, the Court entered the parties' Stipulated Protective Order (Dkt. No. 101) and also issued a Protective Order Governing the Confidentiality of Documents (Dkt. No. 102). Pursuant to these Orders, National Fire respectfully moves to remove the Exhibits from public view on Pacer and refile under seal.

Pursuant to Federal Rule of Civil Procedure 5.2(d), "[t]he court may order that a filing be made under seal without redaction." "[A]lthough the common law right creates a strong presumption in favor of access, the presumption can be overcome by sufficiently important countervailing interests." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). A party seeking to seal a judicial document must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted) (internal quotation marks omitted).

The Exhibits relate to National Fire's Opposition to Sharp's Motion for Summary Judgment (Dkt. No. 196). Thus, under *Kamakana*, a "compelling reason" must be provided to file the documents under seal. The Exhibits disclose, reveal, or otherwise relate to information

2

1  protected by the attorney-client privilege and attorney work product doctrine.  Courts in this
2  District have previously held that protection of "the attorney-client privilege and the work-product
3  doctrine outweighs the public interest in accessing the courts" and constitutes a compelling need.
4  *See Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 WL 2161930 (D. Nev. May 28,
5  2010) (granting motion to maintain the seal of documents protected by the attorney-client privilege
6  and attorney work product doctrine).  *See also Phillips ex rel. Estates of Byrd v. Gen. Motors
7  Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (recognizing that "courts have consistently granted
8  protective orders that prevent disclosure . . . under the attorney-client privilege.").

9  Likewise, under both federal and Nevada law, communications relating to settlement
10 negotiation are protected communications.  *See* NRS 48.105; *see also* Fed. R. Evid. 408.  "'By
11 preventing settlement negotiations from being admitted as evidence, full and open disclosure is
12 encouraged, thereby furthering the policy toward settlement.'" *Microsoft Corp. v. Motorola, Inc.*,
13 No. C10-1823JLR, 2012 WL 5476846 (W.D. Wash. Nov. 12, 2012) (quoting *United States v.
14 Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)).  The court in *Microsoft*
15 concluded "the importance of encouraging frank settlement negotiations outweighs the public's
16 interest in knowing what was discussed in those settlement negotiations" and ordered that
17 documents containing settlement negotiation be sealed.  *Id.  See also Seals v. Mitchell*, No. CV 04-
18 3764 NJV, 2011 WL 1233650 (N.D. Cal. Mar. 30, 2011) (sealing settlement discussions).

19 As such, National Fire submits that the Exhibits should be filed under seal.  Moreover, the
20 parties to this action have entered into a Protective Order in which it was understood that all
21 documents protected by the attorney-client privilege, attorney work product doctrine, or
22 communications reflecting settlement negotiations would be protected from public disclosure.

23 1. Exhibit 7 to the Declaration of Rick Ratz: a letter from Martin Shives
24 to Craig Marquiz and Henry Sharp dated September 22, 2009, produced by National Fire
25 in this litigation and bearing Bates numbers NF 004557–59 (Dkt. No. 198-7).  This
26

3

communication constitutes a protected settlement communication involving settlement negotiation.

        2.    Exhibit 8 to the Declaration of Rick Ratz: a letter from class counsel to Martin Shives, dated October 29, 2009, produced by National Fire in this litigation and bearing Bates numbers NF 013734–35 (Dkt. No. 198-8).  This communication constitutes a protected settlement communication involving settlement negotiation.

        3.    Exhibit 9 to the Declaration of Rick Ratz: an email from Martin Shives to Craig Marquiz, dated November 9, 2009, produced by National Fire in this litigation and bearing Bates numbers NF 013487–89 (Dkt. No. 198-9).  This communication constitutes a protected settlement communication involving settlement negotiation.

        4.    Exhibit 10 to the Declaration of Rick Ratz: an email from Charlie Luh to Nathan Higgs dated November 9, 2009, produced by National Fire in this litigation and bearing Bates number NF 013482 (Dkt. No. 198-10).  This is a communication between an attorney and a client protected by the attorney-client privilege and contains attorney work product.

        5.    Exhibit 11 to the Declaration of Rick Ratz: an email from Bill Coulthard dated January 28, 2010, produced by National Fire in this litigation and bearing Bates numbers NF 006957–59 (Dkt. No. 198-11).  This communication constitutes a protected settlement communication involving settlement negotiation.

        6.    Exhibit B to the Declaration of Peter Jordan: excerpts from the transcript of the August 29, 2012 deposition of Martin Shives (Dkt. No. 197-2).  These excerpts contain deposition testimony of an attorney concerning protected settlement negotiations communications between counsel.

## CONCLUSION

Based on the foregoing, National Fire respectfully requests that this Motion be granted. Specifically, National Fire requests that the Court instruct the clerk to remove Docket numbers 197-2, 198-7, 198-8, 198-9, 198-10, and 198-11 from public view on Pacer and authorize those exhibits to the Declaration of Rick Ratz to be filed under seal as they contain information protected by the attorney-client privilege and/or the attorney work product doctrine or constitute a protected communication involving settlement negotiations.

DATED this 7th day of February, 2013

Respectfully submitted,

BAILEY❖KENNEDY

By: */s/ Dennis L. Kennedy*
Dennis L. Kennedy (Nevada Bar No. 1462)
Sarah E. Harmon (Nevada Bar No. 8106)
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile:  (702) 562-8821
E-mail:     dkennedy@baileykennedy.com
            sharmon@baileykennedy.com

-and-

Deborah L. Stein (*pro hac vice*)
K. Lucy Atwood (*pro hac vice*)
Peter R. Jordan (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile:  (310) 407-7502
E-mail:     dstein@stblaw.com
            katwood@stblaw.com
            pjordan@stblaw.com

***Attorneys for Third-Party Defendant and Counterclaimant National Fire & Marine Insurance Company***

# ORDER

**IT IS HEREBY ORDERED** that the Clerk of Court shall file **UNDER SEAL** the following Docket Nos.: 197-2, 198-7, 198-8, 198-9, 198-10 and 198-11.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **attach as EXHIBITS** to the Declaration [198] of Rick Ratz in Support of National Fire & Marine Insurance Company's Opposition to Sharp Plumbing, Inc.'s Motion for Summary Judgment, the following Docket Nos.: 197-2, 198-7, 198-8, 198-9, 198-10 and 198-11. Thereafter, the Clerk of Court is directed to **SEAL** the entire Declaration [198] of Rick Ratz.

**IT IS SO ORDERED** this 13th day of February, 2013.

_____
Gloria M. Navarro
United States District Judge