Dennis L. Kennedy (Nevada Bar No. 1462)
Sarah E. Harmon (Nevada Bar No. 8106)
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada  89148-1302
Telephone:	(702) 562-8820
Facsimile:	(702) 562-8821
E-mail:	dkennedy@baileykennedy.com
	sharmon@baileykennedy.com

Deborah L. Stein (*pro hac vice*)
Peter R. Jordan (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone:	(310) 407-7500
Facsimile:	(310) 407-7502
E-mail:	dstein@stblaw.com
	pjordan@stblaw.com

Attorneys for Third-Party Defendant/Counter-Claimant
NATIONAL FIRE & MARINE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SHARP PLUMBING, INC., a Nevada corporation and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 2:09-cv-00783-GMN-GWF<br><br>**NATIONAL FIRE & MARINE INSURANCE COMPANY'S MOTION TO CLARIFY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(a) BY EXPRESSLY REFERENCING ORDER OF REIMBURSEMENT**<br><br>**AND ORDER** |

| | |
|---|---|
| SHARP PLUMBING, INC., a Nevada corporation, | ) ) ) |
| Counter-Claimant, | ) ) ) |
| v. | ) ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; DOES 1 through 100, inclusive, | ) ) ) ) ) ) |
| Counter-Defendants, | ) ) |
| SHARP PLUMBING, INC., a Nevada corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation; DOES 1 through 100, inclusive, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation, | ) ) ) |
| Counter-Claimant, | ) ) ) |
| v. | ) ) ) |
| SHARP PLUMBING, INC., a Nevada corporation, | ) ) ) ) |
| Counter-Defendant. | ) ) ) |

**NATIONAL FIRE & MARINE INSURANCE COMPANY'S MOTION TO CLARIFY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(a) BY EXPRESSLY REFERENCING ORDER OF REIMBURSEMENT**

National Fire & Marine Insurance Company ("National Fire"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(a) to clarify the Court's December 30, 2013 judgment (ECF No. 226) (the "Judgment") by expressly setting forth the award of reimbursement granted by the Court in its December 27, 2013 Order (ECF No. 225) (the "Order").

National Fire bases this motion upon the accompanying Memorandum of Points and Authorities and the following facts:

1. The Order states that "Motion for Summary Judgment (ECF No. 183) is **GRANTED**." (Order at 24:3–4.)
2. That Motion expressly requested reimbursement in the amount of $1,266,682.80. (ECF No. 183 at 3:3–6, 27:1–2.)
3. The Order expressly held that "summary judgment is appropriate as to . . . National Fire's cause of action for reimbursement . . . ." (Order at 18:4–5.)
4. The Order further held that "National Fire is entitled to an order declaring that it has no duty to indemnify Sharp or to pay the Sharp Settlement, and that *Sharp must reimburse National Fire*." (Order at 15:1–3 (emphasis added).)

National Fire submits herewith a Proposed Amended Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: January 6, 2014 | Respectfully submitted, |
| 2 | | BAILEY❖KENNEDY |

By:  */s/ Sarah E. Harmon*
    Dennis L. Kennedy (Nevada Bar No. 1462)
    Sarah E. Harmon (Nevada Bar No. 8106)
    8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148-1302
    Telephone: (702) 562-8820
    Facsimile: (702) 562-8821
    dkennedy@baileykennedy.com
    sharmon@baileykennedy.com

        *-and-*

Deborah L. Stein (*pro hac vice*)
Peter R. Jordan (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502
Email: dstein@stblaw.com
       pjordan@stblaw.com

***Attorneys for Third-Party Defendant and Counterclaimant National Fire & Marine Insurance Company***

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On December 27, 2013, the Court entered an order on three motions for summary judgment (the "Order"). (ECF No. 225.) The Order was reduced to judgment in the "Judgment in a Civil Case" entered on December 30, 2013 (the "Judgment"). (ECF No. 226) The Judgment correctly reflected that the Court had granted summary judgment in National Fire's favor, including on National Fire's "First Motion for Summary Judgment (as to National Fire's Counterclaims)" (ECF No. 183). That summary judgment motion expressly requested reimbursement in the amount of $1,266,682.80, and the Order held that National Fire was entitled to summary judgment on its claim for reimbursement. However, because the Judgment does not explicitly state that Sharp Plumbing must so reimburse National Fire, National Fire respectfully requests that the Court revise the Judgment accordingly pursuant to Federal Rule of Procedure 60(a).

## **RELEVANT PROCEDURAL HISTORY**

On January 1, 2013, National Fire and Sharp Plumbing filed cross-motions for summary judgment. Specifically:

1. National Fire filed a First Motion for Summary Judgment (as to National Fire's Counterclaims) (ECF No. 183) (the "First Motion"). The First Motion sought summary judgment on both of National Fire's counterclaims, including National Fire's counterclaim for "Reimbursement." The First Motion requested reimbursement in the amount of $1,266,682.80. (ECF No. 183 at 3:3–6, 27:1–2.)

2. National Fire filed a Second Motion for Summary Judgment (as to Sharp Plumbing Inc.'s Amended Third-Party Complaint) (ECF No. 184) (the "Second Motion").

3. Sharp Plumbing filed a Motion for Summary Judgment (ECF No. 188) ("Sharp's Motion").

On December 27, 2013, the Court entered the Order. The Order granted the First Motion in its entirety, granted the Second Motion in part, and denied Sharp's Motion. (Order at 24:3–8.) The Order expressly held that "summary judgment is appropriate as to . . . National Fire's cause of action for reimbursement . . . ." (Order at 18:4–5.) The Order further held that "National Fire is

entitled to an order declaring that it has no duty to indemnify Sharp or to pay the Sharp Settlement, and that ***Sharp must reimburse National Fire***." (Order at 15:1–3 (emphasis added).)  In its conclusion, the Order stated that "[t]he Clerk shall enter judgment accordingly, and this case shall be closed." (Order at 24:9.)

The Judgment entered by the Clerk reflected the fact that the Court had rendered a decision and stated that "judgment is hereby entered in favor of Third-Party Defendant/Counterclaimant National Fire & Marine Insurance Company and against Third-Party Plaintiff/Counter-Defendant Sharp Plumbing, Inc." (ECF 226.) The Judgment provided no further details.

## **DISCUSSION**

Federal Rule of Civil Procedure 60(a) provides that the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a) allows the Court to clarify "matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Id.* at 1079.

Here, the Court granted the First Motion which, among other things, sought summary judgment on National Fire's reimbursement cause of action and expressly requested reimbursement in the amount of $1,266,682.80. (ECF No. 183 at 3:3–6, 27:1–2.) Moreover, the Court concluded that National Fire was entitled to summary judgment as to National Fire's cause of action for reimbursement, (Order at 18:4–5), and held that National Fire was entitled to an order declaring that "Sharp must reimburse National Fire." (Order at 15:1–3.) National Fire respectfully submits that clarification of the Judgment to expressly reference the Court's reimbursement order is appropriate under *Garamendi* in order to "reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' [and] to 'permit enforcement.'" *Garamendi*, 683 F.3d at 1079.

A proposed amended judgment is filed herewith.

# CONCLUSION

For the foregoing reasons, National Fire respectfully requests that its Motion to Clarify Judgment be granted and that the proposed amended judgment attached hereto be entered by the Court.

DATED this 6th day of January, 2014

Respectfully submitted,

BAILEY✧KENNEDY

By: ___/s/ Sarah E. Harmon___
Dennis L. Kennedy (Nevada Bar No. 1462)
Sarah E. Harmon (Nevada Bar No. 8106)
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
dkennedy@baileykennedy.com
sharmon@baileykennedy.com

-and-

Deborah L. Stein (*pro hac vice*)
Peter R. Jordan (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502
Email: dstein@stblaw.com
         pjordan@stblaw.com

*Attorneys for Third-Party Defendant and Counterclaimant National Fire & Marine Insurance Company*

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED: 01/29/14**